IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DENNY L. NEWMAN,

    Plaintiff,

v.                                         CASE NO. 5:15-cv-102-RH-GRJ

MOSES IZUEGBU, et al.,

    Defendants.

_____/

## ORDER AND REPORT & RECOMMENDATION

This cause is before the Court on Plaintiff's Amended Motion for Temporary Restraining Order/Preliminary Injunction Medical Care, ECF No. 49, and Plaintiff's Motion to Add to Existing Affidavit of Declaration Important Add On for TRO Injunction and to Ask Court for Pre-Trial Conference (hereinafter "Plaintiff's Motion to Supplement"), ECF No. 60. Defendants Moses Izuegbu, M.D. ("Dr. Izuegbu"), Matthew McGuffin, RN, and Expedito Salvador, PA, have filed a response to Plaintiff's amended motion for temporary restraining order. (ECF No. 59.) For the following reasons, Plaintiff's motion to supplement is granted in part and denied in part and the undersigned recommends that Plaintiff's amended motion for temporary restraining order be denied.

## Background

Plaintiff, an inmate in the custody of the Florida Department of Corrections at the Calhoun Correctional Institution ("CCI"), filed a civil rights complaint pursuant to 42

U.S.C. § 1983, alleging Eighth Amendment violations stemming from the treatment, or lack thereof, that he has received for various medical issues. (ECF No. 10 at 7.) In his amended complaint, Plaintiff alleges on March 20, 2015, he had severe abdomen issues, nausea, and pain, and was delayed medical treatment until later that day. (*Id.* at 5.)[1] Plaintiff states that when he was finally sent to Medical he informed Defendant Salvador of his medical history, including colitis, pancreatitis, stroke, high blood pressure, and diabetes. (*Id.*) Defendant Salvador contemplated putting Plaintiff in the hospital due to his chest and stomach pain, but then decided to put him in the infirmary instead and only ordered a simple saline IV and did not order an EKG or prescribe him Tylenol. (*Id.*)

The following day, Dr. Izuegbu checked on Plaintiff and Plaintiff informed Dr. Izuegbu of his various symptoms, including violent abdominal pain in multiple spots, vomiting, pain in his genitals, and trouble urinating. (*Id.* at 12.) However, Dr. Izuegbu declined to order tests that day. (*Id.*) A few days later Dr. Izuebgu ordered a blood test and an ultrasound. (*Id.*) Plaintiff states that the nurses waited too long to draw his blood, refused to give him nausea medication, and only gave him limited Tylenol. (*Id.*)

Plaintiff further alleges that on April 3, 2015, he had stroke-like symptoms, including his left side being weak, vision trouble, sweatiness, and chest tightness. (*Id.* at 8.) Plaintiff informed staff of his symptoms but they delayed treatment and instead sent various people in to check on him every twenty minutes or so. (*Id.*) Defendant McGruff finally took Plaintiff's blood pressure three times, which was high each time. (*Id.*)

---

[1] Plaintiff's amended complaint, including its allegations and request for relief, is largely indecipherable.

Defendant McGruff allegedly told Plaintiff that they would not send him to the hospital because he could not hold down medication and instead said he would call the doctor. (*Id.*) Defendant McGruff did not return that night but another nurse came in to check on Plaintiff midway through the night and to take Plaintiff's blood pressure. (*Id.*) Defendant Salvador then checked on Plaintiff the following day but did not order an EKG or send Plaintiff to the hospital. (*Id.* at 8-9.)

Plaintiff alleges that he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment. (*Id.* at 7.) Plaintiff's amended complaint requests that the Court grant any and all relief the Court deems just and proper, financial or otherwise. (*Id.*)

On August 24, 2015, Plaintiff filed the instant amended motion for temporary restraining order/preliminary injunction. (ECF No. 49.) In his amended motion, Plaintiff requests that the Court enter a temporary injunction/preliminary injunction requiring the medical staff at CCI to "comply with Constitutional laws," "not to endanger [Plaintiff's] life," and require officials to provide proper care, as well as requesting for the Court to take over and oversee Plaintiff's care. (ECF No. 49 at 4-5.)[2] Plaintiff asserts that Defendants continue to take risks with him by leaving him unobserved while having chest pain on July 13, 2015, failing to properly examine him, and making him walk without a wheelchair and carry his belongings while having chest pain. (*Id.* at 2-3.) Plaintiff further asserts in his motion to supplement that for almost two weeks he has

---

[2] Like his amended complaint, Plaintiff's amended motion is largely indecipherable.

not had blood pressure medication or blood thinner, he has continued to have pain similar to stoke symptoms, and he is being left unobserved and denied outside medical care. (ECF No. 60 at 2.)[3]

## Discussion

### *Plaintiff's Motion to Supplement*

Plaintiff's motion to supplement, ECF No. 60, seeks to supplement his existing amended motion for temporary restraining order ("TRO")/preliminary injunction, ECF No. 49. Specifically, Plaintiff claims that he has not had blood pressure medication or blood thinner for almost two weeks. (ECF No. 60 at 2.) Further, that on September 24, 2015, Plaintiff went to Medical for stroke-like symptoms and a nurse tried to perform an EKG but was unable to. (*Id.*) Plaintiff states that he requested outside medical care, which was denied, and he was then left unobserved. (*Id.*) Plaintiff's motion to supplement also appears to request a pre-trial conference. (*Id.* at 1.)[4]

Plaintiff filed his amended motion for TRO/preliminary injunction on August 24, 2015, ECF No. 49,[5] and Defendants filed their response on September 30, 2015, ECF

---

[3] Plaintiff's motion to supplement is also largely indecipherable.

[4] Plaintiff's motion is titled "Motion - Pleading to Add to Existing Affidavit of Declaration Important Add On for TRO Injunction and to Ask Court for Pre-Trial Conference." (ECF No. 60 at 1.) Although the title is the only place that Plaintiff's motion mentions a pre-trial conference, the Court will liberally construe his motion as requesting such.

[5] Plaintiff also subsequently filed another motion for TRO/preliminary injunction on September 21, 2015, ECF No. 57, which the Court struck for duplicity and because Defendants had not yet responded to Plaintiff's amended motion for TRO/preliminary injunction. (ECF No. 58.)

No. 59. Plaintiff's instant motion to supplement was filed the same day, September 30, 2015. (ECF No. 60.) While Plaintiff's motion to supplement was not filed until the same day that Defendants responded, thus prohibiting Defendants from addressing the allegations contained within the motion to supplement, the Court has reviewed the motion to supplement and will grant Plaintiff's motion to the extent that Plaintiff's pending motion for TRO/preliminary injunction, ECF No. 49, will be supplemented by Plaintiff's motion to supplement, ECF No. 60.[6]

However, with regard to Plaintiff's request for a pre-trial conference, the Court finds that there is no need for a pre-trial conference. The trial court has broad discretion in conducting pretrial procedures. *See* Fed. R. Civ. P. 16; *Pacific Indem. Co. v. Broward Cnty,*, 465 F.2d 99, 103 (5th Cir. 1972); *Bowers v. N. Telecom, Inc.*, 905 F. Supp. 1004, 1008 (N.D. Fla. 1995). In this case, the Court has already issued a Case Management and Scheduling Order, ECF No. 21, which adequately governs this case's pretrial matters. Thus, Plaintiff's motion to supplement is denied with respect to his request for a pre-trial conference.

### *Plaintiff's Amended Motion for TRO/Preliminary Injunction*

Granting or denying a preliminary injunction is a decision within the discretion of the district court. *Carillon Imps., Ltd. v. Frank Pesce Intern. Group Ltd.,* 112 F.3d 1125, 1126 (11th Cir. 1997) (citing *United States v. Lambert,* 695 F.2d 536, 539 (11th Cir.

---

[6] Although Defendants have not addressed the factual allegations in Plaintiff's motion to supplement, the supplemented allegations do not change the Court's resolution of Plaintiff's request for a TRO/preliminary injunction.

1983)). Guiding this discretion is the required finding that plaintiff establish four factors:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

*Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000); *Carillon Imps,* 112 F.3d at 1126; *United States v. Jefferson Cnty.,* 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. *Jefferson Cnty.,* 720 F.2d at 1519 (citation omitted). A temporary restraining order requires the same four elements as a preliminary injunction, and the movant bears the burden of demonstrating that they are present. *Sutton v. Nichols*, No. 3:05cv395/LAC/MD, 2006 WL 2374764, at *1 (N.D. Fla. Aug. 15, 2006).

As a threshold matter, Plaintiff's request for a TRO is indistinguishable from his request for a preliminary injunction. A TRO is an appropriate remedy when an applicant for injunctive relief is faced with the possibility that irreparable injury will occur before a hearing for a preliminary injunction can be held and before the defendant can be heard on the matter. *See* Fed. R. Civ. P. 65(b); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) ("Ex parte temporary restraining orders . . . should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so

long as is necessary to hold a hearing, and no longer."); *S.E.C. v. Comcoa Ltd.*, 887 F. Supp. 1521, 1526 (S.D. Fla. 1995) ("While TRO's cannot be extended indefinitely, they can be extended pending a ruling on a motion for a preliminary injunction."). Unlike a TRO, a preliminary injunction requires notice to the adverse party. *Gucci America, Inc. v. Annytrade.org*, No. 13-61721-CIV, 2013 WL 4554452, at *2 (S.D. Fla. Aug. 28, 2013).

In this case, Plaintiff has provided notice to Defendants, Defendants have provided their input on the matter, and the Court is prepared to rule on Plaintiff's motion for a preliminary injunction. Thus, Plaintiff's request for a TRO is essentially subsumed by his motion for a preliminary injunction and the Court will address Plaintiff's motion in the context of his request for a preliminary injunction.

### A. *Substantial Likelihood of Success on the Merits*

Plaintiff, by his own admission, has not exhausted the grievance process.[7] Considering Plaintiff's complaint is a § 1983 claim with respect to prison conditions, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires Plaintiff to exhaust administrative remedies prior to filing his complaint. As such, Plaintiff does not appear to have a substantial likelihood of success on the merits.

Even assuming *arguendo*, Plaintiff had sufficiently exhausted the administrative grievance process, Plaintiff still does not appear to have a substantial likelihood of success on the merits. To show that Defendants acted with deliberate indifference to

---

[7] Plaintiff states, "I have done [the] grievance process [but] Tallahassee [is] still deciding on [their] response." (ECF No. 49 at 2.)

Plaintiff's medical needs to constitute an Eighth Amendment violation, Plaintiff must satisfy both an objective and subjective inquiry. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). To meet the objective prong, "a plaintiff must set forth evidence of an objectively serious medical need." *Id.* To meet the subjective prong, "a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* Under the subjective prong, the prisoner must prove (1) the prison officials had subjective knowledge of a risk of serious harm, (2) the officials disregarded that risk, and (3) by conduct that is more than mere negligence. *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

Plaintiff has not set forth evidence that Defendants acted with an attitude of deliberate indifference to his medical needs. While Plaintiff asserts that Defendants were aware of his medical history including a stroke, Plaintiff has not shown that Defendants disregarded that risk or did so by conduct that is more than mere negligence. Moreover, the medical evidence before the Court does not suggest that Defendants have been deliberately indifferent to Plaintiff's medical needs. Instead, the evidence demonstrates that Plaintiff is receiving ongoing medical care and treatment. *See* ECF Nos. 59, 59-1, 59-2.

Specifically, on March 9, 2015, upon Plaintiff's complaints of chest pain and pain radiating down his left side, prison medical officials called an ambulance and took him to Tallahassee Memorial Hospital where Plaintiff received morphine for his pain, as well as NM perfusion testing and a TTB echo, which showed no evidence of ischemia or

troponins. (ECF No. 59-1 ¶¶ 11-12; ECF No. 59-2 at 194-203.)[8] Plaintiff was subsequently provided an ultrasound at CCI based upon his complaints of pain, and is routinely seen and receives monitoring, evaluation, and treatment on scheduled, periodic Chronic Care Clinic encounters. (ECF No. 59-1 ¶¶ 14-15.) Plaintiff is also seen as often as requested on sick call encounters. (*Id.* ¶ 16.) Moreover, "due to his medical history, Plaintiff is frequently admitted to the medical unit for observation based solely upon his subjective complaints, where he is monitored for any objective symptoms requiring further medical intervention." (*Id.* ¶ 17.) CCI has provided numerous prescriptions to Plaintiff for his known conditions and reported symptoms, including Metformin, Glipizide, Metroprolol, Septra, EC ASA, Coreg, Plavix, Lisinopril, Naproxen, Lescol (Fluvastatin), Protonix, Levaquin, Tylenol, and Ibuprofen. (*Id.* ¶ 18.) Additionally, Plaintiff, who is a diabetic, frequently does not comply with his scheduled insulin level checks, refuses to have his prescriptions refilled, and refuses to take his prescribed medications for his diabetes. (*Id.* ¶ 19.) As a result, Plaintiff frequently presents to medical with elevated blood pressure that normalizes with observation in the infirmary. (*Id.* ¶ 20.)

An inmate's desire for different modes of treatment does not amount to deliberate indifference. *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Defendants have produced evidence showing that Plaintiff is indeed receiving medications, tests, and treatment— and although Plaintiff may have desired additional

---

[8] Plaintiff's attending physician at Tallahassee Memorial Hospital noted that there was "mention of drug seeking behavior in prior notes," which he thought "might be component" of Plaintiff's admission. (ECF No. 59-1 ¶ 11; ECF No. 59-2 at 34.)

medications and different or additional tests— such desire does not rise to the level of a constitutional violation. *See id.* at 1575 (evidence of an inmate's numerous visits to the jails infirmary where he was treated, occasional examinations, and prescribing several types of medication where the inmate desired different modes of treatment did not amount to deliberate indifference). Accordingly, Plaintiff has not established that Defendants disregarded any risk to Plaintiff, nor has he shown that Defendants acted with deliberate indifference to Plaintiff's medical needs to constitute an Eighth Amendment violation. Thus, Plaintiff has failed to demonstrate a substantial likelihood of success on the merits.

## B. Substantial Threat of Irreparable Injury

A movant for a preliminary injunction must show a substantial threat of irreparable injury that is "neither remote nor speculative, but actual and imminent." *Siegel v. LePorer*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quotation omitted). The movant must present facts that show a "real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury." *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (emphasis in original).

Plaintiff claims that he will suffer "bad injury" or irreparable harm without a preliminary injunction. (ECF No. 49 at 2.) Additionally, Plaintiff's amended complaint contains repeated assertions that he could face death with the risks that Defendants take. (ECF Nos. 49, 60.) However, Plaintiff has not shown that his alleged risk of injury or death is actual and imminent, as opposed to speculative. Merely asserting that Plaintiff faces a risk of stroke or death based on Defendants' actions does not

demonstrate that future injury is actual or imminent. *See Jackson v. Crews*, No. 3:13cv174/MCR/CJK, 2013 WL 3339917, at *1-2 (N.D. Fla. July 2, 2013) (allegations of actions causing plaintiff's blood pressure to spike into stroke range did not demonstrate that future injury was actual or imminent, as opposed to speculative). While Plaintiff continually points to his prior medical history to substantiate his alleged risk, as previously discussed, the medical evidence before the Court demonstrates that Plaintiff is receiving adequate and ongoing medical care. Thus, Plaintiff has not shown a substantial likelihood of irreparable injury.

C.     *The Threatened Injury to Plaintiff*

On a motion for an injunction, the movant has the burden of showing that his perceived injuries outweigh the harm that the injunction might cause to the defendant. *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983). Plaintiff asserts that it poses no hardship on the medical officials at CCI to be ordered to do what they should already be doing and that if nothing is done he could face death. (ECF No. 49 at 2.) Such conclusory allegations are insufficient to demonstrate that the extraordinary and drastic relief of a preliminary injunction is warranted. Moreover, Plaintiff barely addresses this factor in his motion and the extent to which the Court is able to discern his argument is minimal and liberal at best. Considering Plaintiff has not clearly carried the burden of persuasion on this factor, Plaintiff is not entitled to a preliminary injunction.

D.     *The Public Interest*

A temporary injunction requires the movant to show that granting the injunction will not disserve the public interest. *See Siegel v. LePore,* 234 F.3d at 1176. Public

policy requires "minimal intrusion into the affairs of state prison administration . . . ." *Newman v. Alabama*, 683 F.2d 1312, 1321 (11th Cir. 1982) (quoting *Ruiz v. Estelle*, 650 F.2d 555, 570-71 (5th Cir. 1981)).

Plaintiff has wholly failed to explain how he meets this factor. Because Plaintiff has failed to even suggest how he meets one of the four requisite factors, he has not "clearly carrie[d] the burden of persuasion" of all four factors. *Jefferson Cnty,* 720 F.2d at 1519. Thus, Plaintiff does not meet the prerequisites for the issuance of a preliminary injunction.

Lastly, the relief requested by Plaintiff is not the type of relief a federal court can order in a preliminary injunction. Typically, where a federal court issues a preliminary injunction the relief is specific, detailed and focused so that a defendant, subject to a preliminary injunction, knows exactly what he is required to do or is prohibited from doing. The relief requested by Plaintiff, which includes requests that the Court require the medical staff at CCI to "comply with Constitutional laws," "not to endanger [Plaintiff's] life," and require officials to provide proper care, as well as requesting the Court to take over and oversee Plaintiff's care, would be largely unworkable and if granted would make it impossible for the Defendants to know what they were required to do. Moreover, there is no need to include in a preliminary injunction a requirement that medical staff comply with Constitutional laws because medical staff already is required to do so without the Court reaffirming this obligation in a preliminary injunction. And with regard to Plaintiff's request that the Court take over and oversee Plaintiff's care, that is not an obligation that is appropriate for a court to undertake. In short, the

relief Plaintiff requests is not the type of relief that is appropriate for a preliminary injunction and is not the type of relief a court could grant even if Plaintiff had presented evidence demonstrating that he could meet the four prerequisites for preliminary injunctive relief.

Accordingly, upon due consideration, it is **ORDERED**

(1) Plaintiff's Motion to Add to Existing Affidavit of Declaration Important Add On for TRO Injunction, ECF No. 60, is **GRANTED** with respect to supplementing his Amended Motion for TRO/Preliminary Injunction, and **DENIED** with respect to his request for a Pre-Trial Conference; and

in light of the foregoing, it respectfully **RECOMMENDED** that:

(2) Plaintiff's Amended Motion for TRO/Preliminary Injunction, ECF No. 49, should be **DENIED**.

**IN CHAMBERS** this 6th day of October, 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.